UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANGELYN KEEN,

    Plaintiff,

v.                                      CASE NO. 3:11-cv-1047-J-34JBT

ALLIANCE DATA SYSTEMS, INC. d/b/a
World Financial Network National Bank,
and AGENT CROOKS, an individual,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Motion to Vacate [State Court] Clerk's Default ("Motion") (Doc. 7), filed by Defendant Alliance Data Systems, Inc. d/b/a World Financial Network National Bank ("WFNNB") on November 3, 2011. Although the Motion indicates that Plaintiff objects to the relief sought in the Motion (*id.* at 3), Plaintiff has not filed a response to the Motion and the time for filing a response has passed. Therefore, the Court will treat the Motion as unopposed. Given the clear lack of prejudice to Plaintiff and Plaintiff's failure to oppose the Motion, the Motion is due to be **GRANTED** and the default entered in state court against WFNNB is due to be **VACATED** to the extent it is necessary to do so.[1]

---

[1] In light of Defendant's compliance with Fed. R. Civ. P. 81(c)(2)(C) by filing a timely Answer in this Court, it may be unclear whether setting aside the state court default is even necessary. However, the Court need not address or decide that issue.

1

Further, if Plaintiff was not going to file an opposition memorandum, she should not have indicated to Defendant that she opposed the Motion. This case presents a clear instance where the default, entered upon Plaintiff's motion one day after the response to the Complaint was due, should be set aside. By failing to agree to the setting aside of the default, and thus necessitating the filing of the Motion and the entry of this Order, and by then failing to file an opposition, Plaintiff's counsel has arguably "unreasonably and vexatiously" multiplied the proceedings in violation of 28 U.S.C. § 1927. The Court will not award any fees or costs at this time, but also will not tolerate this type of conduct in the future.

**I.      Background**

Plaintiff filed her class action Complaint arising under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*, in state court on September 23, 2011 against Defendants WFNNB and agent Crooks. (Doc. 7-1 at 2.) WFNNB was served with a copy of the Complaint and summons on September 28, 2011. (*Id.* at 1.) Thus, pursuant to Fla. R. Civ. P. 1.140(a)(1), WFNNB's responsive pleading was due "within 20 days after service of original process and the initial pleading on the defendant," or no later than October 18, 2011.

On October 19, 2011, WFNNB's attorney contacted Plaintiff's counsel by e-mail and requested an extension of time to file a responsive pleading until October

28, 2011. (Doc. 7-2 at 1.) Plaintiff's counsel apparently did not respond on that day and, instead, filed a motion for default in state court the same day.[2] On October 20, 2011, Plaintiff's counsel emailed WFNNB's attorney that he "just checked the docket and it shows the default was entered yesterday." (Doc. 7-3 at 1.) The e-mail did not disclose that Plaintiff's counsel had filed a motion for default, which apparently caused the default to be entered. The same day, WFNNB's attorney inquired whether Plaintiff would be willing to have the default vacated, to which Plaintiff's counsel responded "[n]o." (Doc. 7-4 at 1.)

On October 21, 2011, Defendants timely removed this action to this Court pursuant to 28 U.S.C. § 1446(b). (Docs. 1 & 2.) As stated in the Petition for Removal (Doc. 2 at 2), this Court has original jurisdiction over the action because it is filed under "the laws of the United States." 28 U.S.C. §§ 1441(b) & 1331. On October 21, 2011, Defendants timely filed their Answer and Affirmative Defenses (Doc. 4) in this Court pursuant to Fed. R. Civ. P. 81(c)(2)(C).

## II. Standard

"The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). In deciding whether "good cause" exists, "[c]ourts have considered whether

---

[2] The Court takes judicial notice of the state court public records. *See Universal Express, Inc. v. U.S. SEC*, 177 Fed. App'x 52, 53 (11th Cir. Apr. 18, 2006) (stating that a court may take judicial notice of public records, such as a complaint filed in another court); *see also Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1277-78, 1280 (11th Cir. 1999); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam).

3

the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). However, "these factors are not 'talismanic,' and . . . courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." *Id.* "[A] technical error or a slight mistake by a party's attorney should not deprive the party of an opportunity to present the merits of his claim." *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) (per curiam). Moreover, as a general matter, "'the Court vastly prefers to decide cases on their merits.'" *Collins v. United States*, 2010 WL 4643279, at *5 (M.D. Fla. Nov. 9, 2010) (citation omitted).

**III. Analysis**

In the Motion, WFNNB requests the Court to vacate the default entered against it in state court and asserts that there is good cause to do so. (Doc. 7.) The Court agrees. Thus, to the extent it is necessary to vacate the default, the Court will do so.

The circumstances in this case demonstrate that Plaintiff will suffer no prejudice by vacating the default and that Defendant's conduct was neither culpable nor willful. As stated earlier, the day after the answer was due in state court, Defendant's attorney contacted Plaintiff's counsel by e-mail to obtain an extension

of time to file the answer.  Although the sequence of events is unclear, on that same day, Plaintiff moved for a default and, on the next day, announced that a default had been entered and refused to agree to have it set aside.  Thus, Plaintiff forced Defendant to file the Motion.  Then, when given the opportunity to explain why she opposed setting aside the default, Plaintiff failed to file any opposition whatsoever, likely because of the unreasonableness of the position taken.  Thus, it is arguable that Plaintiff's attorney "unreasonably and vexatiously" multiplied the proceedings both for Defendant's counsel and the Court.[3]  However, the Court will not award any fees or costs at this time.

Therefore, based on the foregoing, the Court finds that the Motion is due to be granted.

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 7**) is **GRANTED**.

2. The default against Defendant WFNNB entered in state court is hereby **VACATED**.

**DONE AND ORDERED** at Jacksonville, Florida, on December 1, 2011.

*/s/ Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

---

[3] 28 U.S.C. § 1927.

Copies to:

Counsel of Record